## Commonwealth v. Henry K. Wampole & Company, Inc.

*Ralph E. Evans*, of *McNees, Wallace & Nurick*, for appellant.

*Frank A. Sinon*, Deputy Attorney General, and *James H. Duff*, Attorney General, for Commonwealth.

RICHARDS, J., December 11, 1944.—This is an appeal by defendant from the settlement of its corporate net income tax for the year 1939. A stipulation has been filed agreeing to a trial without a jury, and another stipulation has been filed setting forth the facts. The question involved is: May the Commonwealth in 1939 tax as income moneys refunded to defendant in that year for taxes paid in 1933 and 1934 under a statute which was subsequently declared to be unconstitutional, there being no tax on net income at the time the tax was paid in 1933 and 1934? The amount of tax in controversy is $751.44.

The record shows that during the years 1933 and 1934 defendant, under protest, paid to the Commonwealth a floor tax on liquor aggregating $10,965.32. The Acts of 1933, Special Session 5, and 1933, Special Session 94, imposing said floor tax were declared to be unconstitutional by the Supreme Court in Commonwealth ex rel. Overholt & Co., Inc., 331 Pa. 182. In 1939 the Commonwealth refunded to defendant the said sum of $10,965.32. Appellant did not include this sum in its net income tax report for 1939. The Commonweatlh did include it, which resulted in a tax of $751.44 in excess of the liability which plaintiff admitted.

Defendant in filing its Federal corporate income tax return in 1933 and 1934 took deductions for the floor tax paid to the Commonwealth and, in making its 1939 report, returned the refund as income. At the time the 1939 Federal report was filed, the statute of limitations prevented the Federal Government from reopening defendant's reports for the years 1933 and 1934. Had it been possible to reopen these reports, the deductions taken in 1933 and 1934 would have been eliminated, thereby increasing defendant's Federal income by like amount. Since this could not lawfully be done, the Federal authorities considered the refund as income in the year the refund was made. This did substantial justice as it was a means of correcting defendant's Federal liability.

However, the same reasons are not impelling so far as the State is concerned. Defendant under protest paid the floor tax in 1933 and 1934 from income. This is not disputed. And in 1933 and 1934 there was no Pennsylvania tax on corporate net income. The act imposing said tax was not passed until May 16, 1935, P. L. 208, effective January 1, 1935. Consequently, the disputed item of $10,965.32 was not taxable at the time the floor tax was paid. Since an unconstitutional act is void ab initio, it would seem inequitable and unjust to impose a tax on the refund in 1939 when the income used to

pay the floor tax in 1933 and 1934 was not then taxable. We do not think that this underlying principle should be frittered away or nullified by any niceties of definition. If the disputed item was not taxable as income when paid, it should not be taxable when returned. To hold otherwise would enable the State to profit by its own unconstitutional conduct. One distinction between the Federal treatment and the State treatment of the present situation lies in the fact that deductions for the floor tax were taken in the Federal returns, whereas no State returns were then required and consequently no such State deductions were taken. As a result, the Federal Government, to properly adjust the liability of the taxpayer, and in view of the fact that previous reports could not be reopened, had to consider the refund as income in the year received. No such reason exists so far as the State is concerned.

In Commonwealth v. Electric Storage Battery Co., 51 Dauph. 90, this court accepted as a tax base the income returned to and ascertained by the Federal Government. This base included some refunded Federal excise tax and interest thereon. The refunded tax was not only a Federal tax but was imposed under a constitutional statute. The amount refunded was that in excess of the amount due. In the present case the tax refunded was paid under protest and was collected by virtue of the provisions of a State law which was subsequently declared to be unconstitutional and which therefore was of no effect from the beginning. In the Electric Storage Battery case we said (p. 97) : "We are of opinion that, being income when they were collected, they are still income when they are returned."

Likewise, in Commonwealth v. Central Tube Co., 53 Dauph. 67, we allowed to be included as income in the tax base gains on investments which accrued before the year in question. This in effect was taxing the gain when realized rather than when accrued. But there is no

similarity with the present case so far as an unconstitutional levy is concerned.

Since there is no dispute as to the facts, we adopt the facts stipulated by the parties as the findings of the court. We also make the following:

### Conclusions of law

1. The sum of $10,965.32 refunded to appellant in 1939 for floor taxes on liquor imposed under acts subsequently declared to be unconstitutional, and paid under protest, should not be included in the tax base in computing appellant's corporate net income tax for said year.

2. The said sum of $10,965.32 was not taxable as income in 1933 and 1934 when received and is not now so taxable.

3. The corporate net income tax of appellant for the year 1939 is $10,129.59, all of which is paid.

4. The Commonwealth is not entitled to $751.44 additional corporate net income tax from defendant for the year 1939.

5. Judgment should be for appellant.

### Decree nisi

And now, to wit, December 11, 1944, it is ordered, adjudged, and decreed that judgment be entered against the Commonwealth and in favor of appellant as to the additional corporate net income tax claimed for the year 1939, in the amount of $751.44, unless exceptions hereto be filed as required by law.

The prothonotary is directed to notify the parties or their counsel of this decree forthwith.